MOSSER vs. ILLINOIS PUBLIC AID COMMISSION.

ILLINOIS PUBLIC AID COMMISSION

ADVISORY OPINION No. 2.

RUTH C. MOSSER, Claimant, *vs.* ILLINOIS PUBLIC AID
COMMISSION, Respondent.

*Opinion filed March 13, 1945.*

ECKERT, J.

The claimant, Ruth C. Mosser, is employed by the
Illinois Public Aid Commission as a Social Service Con-
sultant I. As such consultant, on August 29, 1944, she
was sent by her superior, Mrs. Eleanor F. Proctor, Chief
of the Division of Standards and Service, to Shawnee-
town, Illinois, to analyze designated cases as processed
by the Gallatin County Department of Public Assistance.
Before her work at Shawneetown was completed, and on
the morning of August 30th, while en route to the office
of the County Department of Public Assistance, she
turned on her right ankle, falling to the ground on both
hands and knees.

Following the accident, an x-ray was taken by Dr.
E. W. Burroughs of Shawneetown. This disclosed a
fracture of the right patella. Dr. Burroughs then placed
claimant's knee in a temporary cast. Claimant, after

reporting the accident to her Chicago office, returned to Chicago, going directly to the University of Chicago, University Clinics, where she was treated by Dr. Bonfllio.

While claimant was a patient at the University Clinics, five x-rays were taken, a cast was applied to her right leg on two different occasions, and she received numerous massage and heat treatments. Her leg remained in a cast for approximately seven weeks, and she was absent from her duties from August 31, 1944, to November 16, 1944.

Claimant was first employed by the respondent on September 16, 1942. Her salary is $245.00 per month. Her duties consist of analyzing case work practices and case supervision in county welfare departments, making plans and providing consultations and directions in the solution of problems, assisting county welfare departments in making improvements of service to applicants and recipients of public assistance, assisting county welfare department superintendents in meeting with service clubs, civic and other organizations, and interested individuals for the purpose of program interpretation, preparing and studying reports and reviews as required, and working with public assistance representatives on service training or orientation programs for county visitors. Claimant in the performance of her duties is required to travel to all parts of the State.

Responsibility for administration of the Public Aid Program in Illinois is divided between the overseers of the poor, who administer general relief and care for the medically indigent, and the Illinois Public Aid Commission, which administers the Social Security Programs through the County Department of Public Assistance of the one hundred and one (101) downstate counties, and by the Public Assistance Division of the Cook County

Bureau of Public Welfare in Cook County. The County Departments operate in accordance with uniform policies and procedures as set out by the Commission.

The Illinois Public Aid Commission has created many departments and divisions through which assistance is administered, one of these being the Supplies and Storage Department. The work of this department includes the receiving, storing, shipping, loading, unloading, packaging, unpackaging of all furniture and equipment used by the Commission throughout the State; and also the cutting of paper used by the Commission in its work.

Claimant seeks reimbursement from the Illinois Public Aid Commission, in the sum of $25.00 for the services of Dr. Burroughs, and seeks payment by the Illinois Public Aid Commission to the University of Chicago, University Clinics, in the sum of $142.50 for services rendered by the Clinics. These charges have been examined by the respondent and found to be reasonable.

At the time of the injury, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; claimant sustained accidental injuries which arose out of and in the course of her employment; and notice of the injury was given to the respondent, and claim for compensation was made, within the time provided by the Act.

Section 8, Sub-section (a) of the Act provides:

"The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury * * *"

The court, therefore, is of the opinion that claimant, under the provision of the Workman's Compensation

Act of this state, is entitled to payment of her medical expenses, and that the Illinois Public Aid Commission should pay to claimant the sum of $25.00 reimbursement for the services of Dr. E. W. Burroughs, and should pay to claimant for use of the University of Chicago, University Clinics, the sum of $142.50 for its services, or a total sum of $167.50, out of any funds held by the Commission and allocated for such purposes.